IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN C. GEORGE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-073 |
| | ) | |
| STACEY STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

Petitioner was sentenced on December 20, 1995, to life imprisonment based on his convictions in the Southern District of Florida related to possession and distribution of crack cocaine. (Doc. no. 1, p. 2; doc. no. 9, Ex. 2.) Subsequently, Petitioner has twice received sentence reductions based on amendments to the Sentencing Guidelines, lowering his sentence first to 390 months on February 8, 2012, and to 316 months on February 19, 2015. (Doc. no. 9, Exs. 3 & 4.)

After this second reduction, the Bureau of Prisons ("BOP") recalculated Petitioner's projected release date to be December 28, 2016. (Id., Ex. 1.) In making this calculation, the BOP awarded Petitioner 712 days of jail credit and 1,120 days of good conduct time ("GCT"), dating back to when he first came into federal custody in January 1994.[1] (Id., Exs. 1 & 7.) Petitioner has earned fifty-four days of GCT for every year since 1994, save one: in 2009 he earned forty days of GCT because he was found guilty of possessing intoxicants and punished with the loss of fourteen days of GCT. (Doc. no. 1, pp. 11-13; doc. no. 9, Ex. 7.) At the time Petitioner admitted possession of intoxicants in 2009 and was found guilty after a disciplinary hearing on the charges, Petitioner was serving a life sentence and therefore not eligible to earn GCT. See 18 U.S.C. 3624(b)(1) (prisoners serving a term of life imprisonment not eligible for GCT). Thus, although the disallowance of GCT was listed, along with ninety days loss of visiting privileges, commissary privileges, and telephone privileges, as a sanction on the disciplinary report, the length of Petitioner's life imprisonment sentence was in no way changed by the GCT "loss." (See doc. no. 1, p. 12; see also doc. no. 9, Ex. 6.)

According to Petitioner, the BOP has improperly denied him the full fifty-four days of GCT from 2009 because it cannot "retroactively" take away fourteen days of GCT based on his 2009 sanction for violating prison rules. (Doc. no. 1, p. 3.) Petitioner makes clear that he does not contest his guilt of the 2009 disciplinary violation, but he is instead challenging the loss of GCT during the recalculation of his sentence. (Id. at 9.)

---

[1] The BOP projects that upon completion of his now twice-reduced sentence, Petitioner will have earned 1,226 days of GCT. (Doc. no. 9, Ex. 7.)

2

Respondent denies Petitioner is entitled to relief, pointing out that the recalculation of Petitioner's vacated life sentence worked to his advantage because Petitioner was awarded GCT based on the date of imposition of the original sentence. (Doc. no. 9, p. 6.) However, in applying BOP rules and regulations to determine how much GCT should be awarded to Petitioner, the 2009 disciplinary violation prevented an award of the full fifty-four possible GCT days for that year. Respondent also points out that if Petitioner's logic prevails with respect to the disallowance of fourteen days of GCT, then the retroactive award of 1,120 days of GCT should be similarly disallowed. (Id.)

## II. DISCUSSION

### A. Applicable Statutes, Regulations, and Program Statements

The Attorney General of the United States, through authority delegated to the BOP, is responsible for imprisoning federal offenders and calculating their sentences. United States v. Wilson, 503 U.S. 329, 331 (1992); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990); 28 C.F.R. § 0.96. When calculating a federal sentence, the BOP starts with a determination of when a sentence commenced and then determines whether any credits should be applied to that sentence. See 18 U.S.C. § 3585. Under § 3585, a sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at the official detention facility at which the sentence is to be served." Id. § 3585(a). Notably, § 3585 does not explicitly address the recalculation of a sentence where an underlying conviction is not disturbed but a sentence is vacated or otherwise changed.

However, the BOP uses an internal sentencing manual, Program Statement ("PS") 5880.28, the Sentence Computation Manual-CCCA, as "an interpretative statement of position" that provides administrative guidance in calculating a sentence. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000); see also doc. no. 9, Ex. 5.[2] PS 5880.28 not only provides the mathematical formula for calculating GCT, but it also explains that re-calculation of sentences post-remand shall be done once the inmate is re-sentenced and as if the sentence imposed on remand started on the same date as the original sentence. PS 5880.28, at 1-18, and 1-40 through 1-62. Internal agency guidelines are entitled to some deference from the Court so long as they set forth a permissible construction of a statute. Reno v. Koray, 515 U.S. 50, 61 (1995). When a federal sentence is recalculated based solely a change to the term of imprisonment but without disturbing the underlying conviction, the process as set forth in PS 5880.28 and § 3585(a) is as follows:

> [PS] 5880.28, like § 3585(a), focuses on the date that a prisoner physically reports to the BOP for service of a federal sentence on a given conviction. When a federal sentence is vacated without disturbing its underlying conviction, the BOP – using a conviction based as opposed to a sentence based approach - treats the post-remand sentence as commencing on the same date as the original sentence. That is because, practically speaking, [a] resentencing does not change the date a defendant actually physically appeared and commenced service of a term of imprisonment resulting from a particular conviction.

Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011) (internal quotation marks omitted). Thus, as in Petitioner's case, when the sentence is altered but the underlying conviction is not

---

[2]Respondent provided a portion of PS 5880.28. (Doc. no. 9, Ex. 5.) The full PS is available online. See Program Statement 5880.28, Sentence Computation Manual (July 1999), available at http://www.bop.gov/policy/progstat/5880_028.pdf.

4

disturbed, the recalculation process begins with the commencement date of the original sentence.

As to applying GCT credits to a sentence, under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

**(b) Credit toward service of sentence for satisfactory behavior.**--

(1) . . . [A] prisoner who is serving a term of imprisonment of more than 1 year  other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .  [I]f the [BOP] determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate. . . .

18 U.S.C. § 3624(b)(1). The BOP implements the language of § 3624(b) via 28 C.F.R. § 523.20 and PS 5880.28, (see doc. no. 9, Ex. 5), both of which provide that the amount of GCT awarded is subject to disciplinary disallowance. The BOP's interpretation of how to award GCT pursuant to § 3624(b) is entitled to deference as described above and has been approved both by the Eleventh Circuit Court of Appeals and the United States Supreme Court. Barber v. Thomas, 560 U.S. 474, 480 (2010); Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005).

### B. Correct Calculation of Petitioner's Sentence

Applying the principles of the statutes, regulations, and PS described *supra*, the Court concludes Petitioner is not entitled to the relief he seeks. Petitioner's life sentence has been

changed, but his underlying convictions are undisturbed. In recalculating Petitioner's new projected release date after his sentence was reduced to 316 months, the BOP treated the new sentence as if it had commenced on the same date as the original sentence. Petitioner has been awarded 712 days of jail credit for the time he spent in custody prior to his December 20, 1995 sentencing. (Doc. no. 9, Ex. 7.) The BOP has also awarded GCT credits dating back to January 8, 1994. (Id.)

Thus, Petitioner has received the benefit of all credits since the imposition of his original life sentence. Petitioner has not identified, and the Court is not aware of, any case law, statutes, or regulations which require that the BOP not similarly subtract all disallowance of GCT based on an undisputed disciplinary infraction. Petitioner does not contest his guilt of the 2009 disciplinary infraction. He simply disputes whether he should bear the consequences of his prohibited conduct.

In sum, the Court concludes PS 5880.28 is a permissible interpretation of §§ 3585 and 3624(b)(1), and the procedures followed in recalculating Petitioner's reduced life sentence are reasonable and entitled to deference. See Barber, 560 U.S. at 480; Reno, 515 U.S. at 61; Blood, 648 F.3d at 208; Brown, 416 F.3d at 1273. Because Petitioner has not shown that the recalculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 4th day of January, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA